COHEN *vs.* THE BANK OF THE STATE OF GEORGIA.

There was no error, under the facts, in granting the injunction. Plaintiff in error was attempting to erect a house across a public alley, on which defendant in error owned abutting property; this he had no legal right to do; and there was sufficient evidence before the chancellor to show that defendant in error would sustain special damage therefrom.

October 24, 1888.

Injunction. Public alleys. Damages. Before Judge MARSHALL J. CLARKE. Fulton county. At chambers, August 2, 1888.

Reported in the decision.

GARTRELL & LADSON, for plaintiff in error.

Hall & HAMMOND, *contra.*

SIMMONS, Justice.

The chancellor did not abuse his discretion in granting this injunction. While it is true the courts should be particular in granting injunctions against persons in the pursuit of their lawful business or rights, yet in this case, under the facts as disclosed by the record, the court did not err in granting the injunction. The plaintiff in error was attempting to erect a house across a public alley, twenty feet in width, on which alley the defendant in error was the owner of abutting property. Cohen, the plaintiff in error, does not claim or pretend that he had any right whatever to erect the building across the alley. True, he says that it would be high enough from the ground not to obstruct the free passage of the alley. The only thing he complains of is that the defendant in error, the complainant below, was not damaged by his illegal act, and therefore the court had no right to grant the injunction. The chancellor heard the evidence in the case, and he thought that the complainant had made out a case of special damage, and we will not interfere with his judgment. On the final trial, it will be for the jury to say whether the complainant proves its damage or not.

Besides, the injunction cannot possibly hurt the plaintiff in error, because he has no legal right to erect this building across the public alley.

Judgment affirmed.